UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PAUL RICHARD MCCORMACK                                 Plaintiff

v.                                     Civil Action No. 3:18-cv-P617-RGJ

TODD HOLLENBACH IV, *et al.*                                 Defendants

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Petitioner Paul Richard McCormack initiated this *pro se* action proceeding *in forma pauperis*. In the complaint caption, he writes the following three statute numbers: 18 U.S.C. § 241; 28 U.S.C. § 1746(1); and 42 U.S.C. § 1983. Upon review, this action must be dismissed for the reasons stated herein.

**I.**

The complaint caption lists Defendants as "METRO Judge Todd Hollenbach IV or METRO Judge Sean Delahanty." The caption also states, "WHEREAS the Defendant has not honored his Oath of office to uphold the Constitution of the United States, and the Constitution of Kentucky"; "WHEREAS the Defendant has violated the Constitution of the United States Article IV [2], and the Constitution of Kentucky Section 10"; "WHEREAS the Defendant has violated the Constitution of the United States Amendment XIV Section 1"; "WHEREAS the Defendant has violated the Federal Rules of Procedure [FRCP-4]"; "WHEREAS the Defendant has ignored Federal Case CHICAGO MOTOR COACH vs. chicago 169 n.e.22 HALE v. HENKEL, 201 U.S. page 74"; and "WHEREAS defendant has violated 'AFFIDAVIT OF SUI JURIS STATUS' Filed in Jefferson County, KY Apr 07, 1998 Document No; 1998049738." Next to each of these statements, Plaintiff states monetary amounts, which total $50,000.

The complaint next states as follows:

NOTE: All this documentation has been given to the court either personaly, or via US Mail.

Other documentation has been given to the court as examples of rulers and what they did to improve their governing the people in their realm!

Bible references has been given to the court to show violations of Bible Commandments!

On the next page, Plaintiff lists two additional Defendants – Louisville Metro Police Officers Brandon Clark and Joshua Risinger. Under their names, Plaintiff states, "WHEREAS: Defendant Clark is accused of STALKING: under cover of darkness"; "WHEREAS: the defendants have not honored their oath of office to uphold the Constitution of the United States, and the Constitution of Kentucky"; and "WHEREAS: the defendants have violated the Constitution of the United States, Amendment VI, and the Kentucky Constitution, Sectiion 10. vehicle seized value June 2018." Plaintiff again lists dollar amounts after each statement, totaling $42,000.

Plaintiff next quotes statutes 18 U.S.C. § 241; 28 U.S.C. § 1746; and 42 U.S.C. § 1983. He then quotes the oaths of office under the United States and Kentucky Constitutions and quotes various United States constitutional amendments and Kentucky constitutional provisions.

Plaintiff attaches a six-page document captioned as an " 'AFFIDAVIT OF SUI JURIS STATE, RIGHT TO TRAVEL" which includes a stamp indicating that it was recorded in the Jefferson County Clerk's Office on April 7, 1998.

Subsequent to the complaint, Plaintiff filed several documents. He filed a summons naming as Defendant "Public Defender Que Christian" (DN 9).

Plaintiff also filed a letter in which he states that he is enclosing his "updated charge against the defendant in this case" (DN 10). The letter states that "you will notice that the total

amouont is quite diferent than originally claimed. That is because there has been more daus accumulated since I originally filed this case in your court." The letter also states, "I have been to court for 14 months already, and now scheduled to be in court again on January 04, 2019! I do not know what the reason for all of this is? Maybe [] IT'S ALL ABOUT THE MONEY? [] Or the person, or persons who make these decisions?" The attached document revises the dollar amounts claimed by Plaintiff in his complaint.

Plaintiff filed another letter in which he states, "Today, I was at local court again. There was supposed to be a jury trial - - but, alas, that did not happen. Again. This is the second there was supposed to be a jury" (DN 11). He continues, "Also, the judge, Sean Delahanty, and the court appointed Public Defender, Que Christian, both claimed 'Conflict of Interest.'" He states, "Is the Federal Court going to claim 'Conflict of Interest'??? [] This is the third (3) year since this situation began, due to the police officer not honoring his 'Oath of Office' and violation of the U.S. Constitution and the Commonwealth of Kentucky's Constitution!"

**II.**

A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint and its attached "AFFIDAVIT OF SUI JURIS STATE, RIGHT TO TRAVEL" evince that Plaintiff's claims are premised on "sovereign citizen" theories, which have "been uniformly rejected by the federal courts" for decades. *Smith v. Hens*, No. 13-14013, 2014 U.S. Dist. LEXIS 100838, at *2-3 n.1 (E.D. Mich. July 24, 2014). "Sovereign citizen" arguments are "recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6 (N.D.N.Y. July 23, 2014); *see also United*

3

*States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting a criminal defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply"). Claims based on "sovereign citizen" theories may be dismissed without "extended argument" as patently frivolous. *United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999); s*ee also United States v. McQuarters*, No. 11- 51386, 2013 U.S. Dist. LEXIS 165189, at *5 (E.D. Mich. Oct. 11, 2013) (finding that "sovereign citizen" arguments "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion'" (quoting *Apple v. Glenn*, 183 F.3d at 479), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 164785 (E.D. Mich. Nov. 20, 2013).

Accordingly, upon review of the complaint, its attachment, and other filings, the Court finds that this action meets the standard set forth in *Apple v. Glenn*. Therefore, this action must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### III.

The Court will enter a separate Order dismissing the instant action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
A961.010